PRUDENTIAL INS. CO. *v.* BERGER *et al.*

(*Common Pleas of New York City and County, General Term.* December 7, 1891.)

1. BONDS—INSURANCE AGENT—EXTENT OF LIABILITY.
   The bond given by an insurance agent to his company recited *verbatim* a certain clause in the agency agreement, but also stated generally that the agent owed other duties than those specified therein; and it was conditioned that he should pay over all moneys due the company "under said clause or otherwise." *Held*, that the liability of the surety was not restricted to a default arising under such clause, but extends to any other default under the terms of the agreement.

2. SAME—TRANSACTIONS ANTECEDENT TO EXECUTION OF BOND.
   The surety's liability extends to an indebtedness of the agent to the company which accrued after the execution of the bond, though the transactions out of which it arose had their inception before it was executed.

Appeal from eighth district court. Reversed.

Action by the Prudential Insurance Company of America against S. Allen Berger and David Brown on a penal bond. There was judgment for plaintiff for $57.98, from which it appeals.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*H. & R. Campbell*, for appellant. *D. J. Vorhaus*, for respondents.

DALY, C. J. The defendant Berger was employed on January 13, 1890, as agent of the Prudential Insurance Company under a written agreement, and when he ceased to be employed by them on August 11, 1890, he was indebted to the company in the sum of $202.18 upon the following account:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| *Dr.* | Lapses as shown by lapse register, | - | - | - | - | - | $422 73 |
| | Special salary, | - | - | - | - | - | 84 71 |
| | Cash advanced to him, | - | - | - | - | - | 261 50 |
| | Moneys collected and not turned in, | - | - | - | 51 98 |
| | | | | | | | $820 92 |
| *Cr.* | New business, | - | - | - | - | - $581 50 | |
| | Revivals, | - | - | - | - | 1 10 | |
| | Amount deducted from quarterly, | - | - · 36 14 | |
| | | | | | | | 618 74 |
| | Balance, | - | - | - | - | - | $202 18 |

The defendant Brown was the surety of Berger upon a bond for the faithful performance of the latter's duties, given by them to the company on April 19, 1890, in the penal sum of $200, and this action was brought to recover the whole penalty of the bond. The justice held that the surety was liable only for $51.98, the item of "moneys collected and not turned in," and gave judgment accordingly. The recital and condition of the bond are as

follows: "Whereas, the said party first above named has been appointed an agent of said company under an agreement with said company containing, among other things, the following clause: 'That on Monday of each week I am to be debited with the amount of the weekly premiums shown on the life policy register, less the total amount of the weekly premiums on policies entered in the lapsed policy register for that week; and it is agreed that the company is not bound to prove that I have received the premium from each particular policy-holder, but that the amount so shown shall be considered as being absolutely received by me on behalf of the company. This clause is not to be construed as a waiver of or interfering with any rights secured to the company by this agreement in any other respect;' and whereas the said agent owes various other duties to the said company under said agreement: Now, the condition of this obligation is such that if the said party first above named shall faithfully perform all of his duties as such agent, and fully perform and keep his said agreement with said company, and account for and pay over to said company all moneys which he may receive for said company, or which shall be due to said company from him under said clause in said agreement or otherwise, and shall upon the termination of his employment for said company, for whatever cause, deliver to said company all moneys, books, accounts, papers, and other property in his hands belonging to said company, or connected with or pertaining to said agency, to such person or persons as said company shall designate for the purpose, then this obligation shall be void; otherwise it shall be and remain in full force and virtue, it being expressly agreed and understood that said company may assign said agent to any district, and shall be at liberty to alter and vary the duties and emoluments of the said agent, and grant him indulgence without giving notice to the above obligors or impairing this obligation." Although one particular clause of the agent's agreement is recited in the bond, yet it is also recited that the agent owes other duties to the company under said agreement, and the condition of the bond is that the agent shall pay over to the said company all moneys that shall be due to the said company from him under the said clause in said agreement or otherwise. The defendant argues that the surety is liable only for such indebtedness as arises under clearly expressed provisions of the agreement referred to in the undertaking, but the language of the instrument forbids such a narrow interpretation. The obligation expressly includes all indebtedness of the agent, as such, to the company; and the measure of the surety's liability (within the limit of the penalty of his bond) is the same as that of the agent. There seems to have been no question upon the trial that the course of business between the company and its agent brought him in debt to it for all the sums charged against him; and, as the undertaking embraces all indebtedness arising under the clause specified in it "or otherwise," it is only necessary for the plaintiff to show an indebtedness of the agent to the company arising during the period, and in the performance of the duties, called for by the agreement referred to in the bond. The indebtedness of the agent arose under the rules of the company, which, together with the terms of agency, were part of the agent's agreement; and, as said above, there seems to have been no question of his liability for the items of lapses, special salary, and cash advanced to him, which were all made up of moneys received by him from the company as compensation conditioned upon his being charged therewith, and compelled to return them under certain contingencies. Issue was taken as to his being actually indebted upon the item of $51.98, but the justice deemed the claim quite established with respect thereto. So that, as appears from the record before us, the plaintiff should have had judgment for the whole amount claimed. However, upon a retrial of the cause these matters can be fully inquired into. We think that the justice was correct in holding that the plaintiff was not precluded from showing an indebtedness which arose out of transactions with the company which

had their inception prior to the execution of the bond. If the indebtedness of the agent arose after the bond was executed, although in respect of insurance procured by him before its date, the surety would be liable under the terms of the bond. Judgment reversed, and new trial ordered, with costs to abide the event.